**Edward RICHBURG, Petitioner,**

v.

**STATE OF SOUTH CAROLINA,**
**Respondent.**

**Cr. A. No. 66-220.**

United States District Court
D. South Carolina,
Columbia Division.

Aug. 29, 1966.

Matthew J. Perry, Columbia, S. C., Earl W. Coblyn, Zack E. Townsend, and W. Newton Pough, Orangeburg, S. C., for petitioner.

Daniel R. McLeod, Atty. Gen., State of South Carolina, Joseph C. Coleman, Asst. Atty. Gen., State of South Carolina, Columbia, S. C., and Julian S. Wolfe, Solicitor, First Judicial Circuit, State of South Carolina, Orangeburg, S. C., for respondent.

HEMPHILL, District Judge.

Petition for Removal filed May 16, 1966, was called to this court's attention August 12, 1966. Thereupon Clerk was instructed to notice early hearing, which was held August 25, 1966, at Columbia, S. C. Petitioner was seeking removal of the cause from the Court of General Sessions from Orangeburg County, South Carolina, to the United States District Court. At the hearing in Columbia, counsel for petitioner stated that if respondent made a motion to remand petitioner would not object, whereupon respondents' counsel announced readiness for hearing in order that disposition of the pending indictment against petitioner could be disposed ·of at the next ensuing term of General Sessions Court for Orangeburg County, South Carolina.

Petitioner was indicted for murder by the Grand Jury of Orangeburg County, South Carolina, at the September, 1965, term of General Sessions Court for that county. After various motions, and orders thereupon, petitioner was reindicted at the January, 1966 term of General Sessions Court for Orangeburg County, South Carolina, and thereafter tried, and a mistrial occurred. When the cause was called for trial at the May, 1966, term of General Sessions Court for Orangeburg County, defendant's attorneys filed the Petition for Removal.

At the time of the filing of the original case for removal, the Bench and Bar did not have before them for guidance the case of State of Georgia v. Rachel,[1] 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, wherein, the U. S. Supreme Court spelled out the limited circumstances upon which cases can be removed from a state court to appropriate federal court under 28 U.S.C. Section 1443(1) [931]; "only if they meet both requirements of that subsection. They must show both that the right upon which they rely is a 'right under any law providing for * * * equal civil rights,' and that they are 'denied or cannot enforce' that right

1. Argued April 25 and 26, 1966. Decided June 20, 1966.

in the courts of ————.''[2] The specific language reads:

> Removal is warranted only if it can be predicted by reference to a law of general application that defendant will be denied or cannot enforce the specified federal rights in the state courts.

There is no such showing here. In fact, the events at the hearing before this court reflected petitioner's expectation to present the matters before the South Carolina tribunal, and receive appropriate judgment thereon.

On the same day that the **Rachel** case was decided, the Supreme Court of the United States handed down an opinion in Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944. Petitioners for certiorari to that Court were petitioners engaged in civil rights activities asking removal of their cases from the police courts for the City of Greenwood, Mississippi, to the United States District Court, Northern District of Mississippi, under 28 U.S.C. Section 1443, alleging that they were members of a civil rights group engaged in a drive to encourage Negro voter registration in Leflore County, and that they were denied, or could not enforce in the courts of the State, rights under laws providing for the equal civil rights of citizens of the United States, and that they were being prosecuted for acts done under color of authority of the Constitution of the United States and 42 U.S.C. Section 1971 et seq. They also attacked the constitutionality of the statute under which they were charged as being vague, stating that it was unconstitutionally applied to their conduct, and that its application was a part of a policy of racial discrimination fostered by the State of Mississippi and the City of Greenwood. The District Court sustained the motion of the City of Greenwood to remand the cases to the city court for trial. The Court of Appeals reversed, holding that a good claim for removal under section 1443(1) had been made out.[3] At the same time the Court of Appeals rejected the defendants' contentions under 28 U.S.C. Section 1443(2), holding that removal under that subsection is available only to those who have acted in an official or quasi-official capacity under a federal law and who can therefore be said to have acted under "color of authority" of the law within the meaning of that provision. The Supreme Court of the United States reversed the judgment of the Court of Appeals. In an opinion by Mr. Justice Stewart, the Court held that the allegations in the petitions for remand did not support removal under section 1443(1), because the requirements of subdivision were not met by allegations that the defendants' federal equal civil rights had been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendants were false, or that the defendant(s) was unable to obtain a fair trial, particularly in a state court, because that subdivision was applicable only where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing a defendant to trial in a state court. In addition, removal was denied under section 1443(2) because that subdivision is available only to federal officers and to persons assisting such officers in the performance of their official duties.

Applying *Peacock* to the case at Bar, petitioner, at the hearing before this court, presents the same failure to warrant removal as petitioners did in that case.

The original grounds for removal included (1) the Grand Jury of Orangeburg County was, and the petit jury

---

2. At the same time the Court reiterated the "Supremacy Clause" found in Article VI, cl. 2, United States Constitution, citing Hamm v. City of Rock Hill, 379 U.S. 306, 311, 85 S.Ct. 384, 13 L.Ed.2d 300, 305, in that the supremacy clause of the Federal Constitution prohibits the application of state law where there is a clear collision between state and federal law.

3. Peacock v. City of Greenwood, 5 Cir., 347 F.2d 679, 684.

panel from which trial juries would ordinarily be selected will inevitably be so constituted as to cause a constitutional diminution of petitioner's rights in prohibiting women from serving on juries; (2) members of the Negro race were systemically excluded from Grand Jury that returned the indictment, or they were limited in number; (3) standards set by the South Carolina Constitution, particularly Article 5, Section 22, providing that the Jury Commissioners shall select as jurors persons of "good moral character" constitutes a constitutional diminution of petitioner's rights in that the Jury Commissioners are thus directed by such vague provisions as to render them invalid; (4) the accused cannot obtain a fair trial in Orangeburg County.

Upon consideration of all matters before me, and in the light of the case cited, this court is of the opinion that it is proper to remand the cause to the Court of General Sessions for Orangeburg, County, and the same is directed.

At the hearing before me in Columbia, counsel stated it was unnecessary for the accused to be present and the court proceeded in his absence only after assurance from his counsel.

While this court has no authority or direction over the Court of General Sessions for Orangeburg County, in order that the issues presented to this court by the filing of the petition of May 16, 1966, be preserved, the Clerk of Court for the United States Court of South Carolina is directed to photostat or thermofax all of the papers and/or correspondence in the case file in the Office of the Clerk of Court of the United States Court for the District of South Carolina, place them by letter or by hand in the hands of the Clerk of Court for Orangeburg County, South Carolina, to be filed, styled, indexed in the office of said Orangeburg County Clerk as judgment, discretion, responsibility would command.

Petition for removal denied. Case remanded to Court of General Sessions for Orangeburg County for disposition.

And it is so ordered.